CARMELA T. PAGAY (SBN 195603)
ctp@lnbyb.com
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile:  (310) 229-1244

Attorneys for Plaintiff
Edward M. Wolkowitz, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>HARBHAJAN SINGH and MANPRIT KAUR DHILLON,<br><br>            Debtors.<br><br>EDWARD M. WOLKOWITZ, Chapter 7 Trustee,<br><br>            Plaintiff,<br><br>v.<br><br>LINGAIAH JANUMPALLY AND VIJAYA L. JANUMPALLY, INDIVIDUALLY AND AS TRUSTEES OF THE LINGAIAH AND VIJAYA JANUMPALLY 2011 TRUST DATED JULY 15, 2011, and ERNEST, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY,<br><br>            Defendants. | Case No. 2:19-bk-15642-BR<br><br>Chapter 7<br><br><br>Adv. No. 2:20-ap-____-BR<br><br>**COMPLAINT FOR:**<br><br>**(1)    SALE OF INTEREST OF CO-OWNERS IN PROPERTY OF THE ESTATE; AND**<br>**(2)    TURNOVER OF PROPERTY**<br><br>**[11 U.S.C. §§ 363, 542]**<br><br>Date: [TO BE SET BY SUMMONS]<br>Time:<br>Place: Courtroom 1668<br>       Roybal Federal Building<br>       255 E. Temple Street<br>       Los Angeles, CA 90012 |

Plaintiff Edward M. Wolkowitz, the chapter 7 trustee (the "Plaintiff" or "Trustee") for the bankruptcy estate of *In re Harbhajan Singh and Manprit Kaur Dhillon* avers and complains, by way of this Complaint, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and 11 U.S.C. §§ 363 and 542, and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code, including General Order No. 13-05, dated July 1, 2013.

2. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and (O).

3. Venue is proper in this Court under 28 U.S.C. § 1409(a) as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this district.

4. Plaintiff consents to entry of final orders or judgments by the Bankruptcy Court.

## PARTIES

5. On January 18, 2018 (the "Petition Date"), Harbhajan Singh and Manprit Kaur Dhillon (the "Debtors") filed a Voluntary Petition under chapter 7 of the Bankruptcy Code.

6. Thereafter, Plaintiff Edward M. Wolkowitz, being duly-qualified, was appointed and presently is the acting chapter 7 trustee of the Debtors' bankruptcy estate.

7. Plaintiff is informed and believes and based thereon alleges that defendant Lingaiah Janumpally ("Lingaiah") is an individual residing in Newport Beach, California, and is subject to the jurisdiction of this Court.

8. Plaintiff is informed and believes and based thereon alleges that defendant Vijaya L. Janumpally ("Vijaya) is an individual residing in Newport Beach, California, and is subject to the jurisdiction of this Court.

9. Plaintiff is informed and believes and based thereon alleges that defendants Lingaiah and Vijaya are trustees of the Lingaiah and Vijaya Janumpally 2011 Trust Dated July 15, 2011.

10. Plaintiff is informed and believes and based thereon alleges that defendant Ernest LLC, a California liability company does business in Los Angeles County and is subject to the jurisdiction of this Court.

## GENERAL ALLEGATIONS

11. Plaintiff is informed and believes and based thereon alleges that prior to the Petition Date, certain vacant land in Palmdale, California (50th St. East, Palmdale; APNs 3023-001-035 through 042)(the "Property") was acquired by Lingaiah Janumpally and Vijaya L. Janumpally, Trustees of The Lingaiah and Vijaya Janumpally 2011 Trust dated July 15, 2011, and any amendments thereto, as to an undivided one-third interest, and Ernest LLC, a California Limited Liability Company, as to an undivided one-third interest, and Harbhajan Singh and Manprit K. Dhillon, husband and wife as joint tenants, as to an undivided one-third interest, all tenants in common.

## FIRST CLAIM FOR RELIEF

(To Sell Interest of Co-Owners – 11 U.S.C. § 363(h))

12. Plaintiff realleges each and every allegation contained in paragraphs 1 through 11, inclusive, of this Complaint as if set forth fully herein.

13. Plaintiff desires to sell both the estate's interest in the Property together with the remaining interests in the Property of Lingaiah, Vijaya, and Ernest pursuant to 11 U.S.C. § 363(h).

14. Plaintiff is informed and believes and based thereon alleges that partition in kind of the Property between the estate on the one hand and Lingaiah, Vijaya, and Ernest on the other hand is impracticable because the subdivision of the Property could potentially be costly and unworkable.

15. Plaintiff is informed and believes and based thereon alleges that the sale of the estate's undivided interest in the Property would realize significantly less for the estate than the sale of the Property free of the interest of Lingaiah, Vijaya, and Ernest.

16. Plaintiff is informed and believes and based upon such information and belief alleges that the benefit to the estate of a sale of the Property free of the interest of Lingaiah, Vijaya, and Ernest outweighs the detriment, if any, to Lingaiah, Vijaya, and Ernest.

17. Plaintiff is informed and believes and based upon such information and belief alleges that the Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

## SECOND CLAIM FOR RELIEF

(For Turnover of Property - 11 U.S.C. § 542(a))

18. Plaintiff realleges each and every allegation contained in paragraphs 1 through 17, inclusive, of this Complaint as if set forth fully herein.

19. The Property constitutes property of the bankruptcy estate pursuant to 11 U.S.C. § 541.

20. Plaintiff is informed and believes and based upon such information and belief alleges that Lingaiah, Vijaya, and Ernest is in possession or control of the Property.

21. The Property should be turned over to the Trustee pursuant to 11 U.S.C. § 542(a) so the Property can be marketed and sold for the benefit of the Debtors' creditors.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment as follows:

A. For a judgment against Lingaiah, Vijaya, and Ernest permitting Plaintiff to sell the interest of the bankruptcy estate and the interest of Lingaiah, Vijaya, and Ernest in the Property pursuant to 11 U.S.C. § 363(h);

B. For a judgment compelling Lingaiah, Vijaya, and Ernest to turn over the Property to Plaintiff pursuant to 11 U.S.C. § 542(a);

C.    For costs of suit incurred herein, including, without limitation, attorneys' fees; and

D.    For such other and further relief as the Court deems just and proper.

DATED: June 19, 2020

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By: */s/ Carmela T. Pagay*
    CARMELA T. PAGAY
    Attorneys for Plaintiff
    Edward M. Wolkowitz, Chapter 7 Trustee